DECISION AND JOURNAL ENTRY
Defendant Christopher Florence has appealed from an order of the Summit County Common Pleas Court that designated him a sexual predator. This Court affirms.
 I.
On March 25, 1999, Defendant was indicted on six counts of rape and five counts of gross sexual imposition. Defendant entered a plea of guilty to one count of rape, a violation of R.C.2907.02(A)(1). The trial court dismissed the remaining charges.
On August 3, 1999, the trial court conducted a hearing for the purpose of sentencing Defendant and to determine if Defendant should be classified as a sexual predator. After the hearing, the trial court sentenced Defendant and determined by clear and convincing evidence that he should be classified as a sexual predator. Defendant timely appealed the trial court's sexual predator determination, asserting one assignment of error.
 II. The trial court erred, as a matter of law, in designating [Defendant] a sexual predator in the absence of factors enumerated in Revised Code 2950.01 and 2950.09.
In his sole assignment of error, Defendant has asserted that the trial court erred when it designated him a sexual predator. Specifically, Defendant has asserted that the State failed to present clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses. This Court disagrees.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The factors that a trial court must consider when making its sexual predator determination include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal conviction or, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2).
In order to adjudicate an offender as a sexual predator, the trial court must consider the above factors and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. Statev. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. The clear and convincing evidence standard requires more than a mere preponderance, but not the degree of certainty required to establish a proposition beyond a reasonable doubt. Id. A reviewing court must examine the record to determine whether the trial court had before it sufficient evidence exists to meet the clear and convincing standard. Id. at 3-4.
Defendant entered a guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(b). Rape is a sexually oriented offense. R.C. 2950.01(D)(1). The only issue, therefore, is whether there was clear and convincing evidence that Defendant was likely to engage in the future in a sexually oriented offense. The State is not, however, required to demonstrate every factor in R.C. 2950.09(B)(2) before a defendant can be adjudicated a sexual predator. State v. Smith (June 2, 1999), Summit App. No. 18622, unreported, at 5.
After reviewing the record in this case, this Court concludes that the trial court's determination that Defendant is a sexual predator is supported by clear and convincing evidence. The trial court considered the pre-sentence investigation report, the victim impact statements and the testimony presented at the hearing in light of the factors listed in R.C. 2950.09(B)(2). The trial court considered that Defendant sexually abused his six-year-old cousin on more than one occasion. Further, Defendant continued to abuse the victim after the victim asked him to stop. The court also had evidence that Defendant had sexually abused other members of his family. Accordingly, the trial court did not err when it classified Defendant as a sexual predator. Defendant's assignment of error is overruled.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT,
BAIRD, P.J. and SLABY, J. CONCUR.